# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Pellon Lay | Timothy Joseph Grant |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Andrew J. Miller, ESQ. (CA#109631)<br>Engel & Miller<br>964 Fifth Avenue, Suite 400<br>San Diego, CA 92101 | William P. Fennell<br>600 West Broadway, Ste. 930<br>San Diego, CA 92101 |

**PARTY** (Check One Box Only)
- [ ] Debtor
- [x] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**PARTY** (Check One Box Only)
- [x] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] U.S. Trustee/Bankruptcy Admin
- [ ] Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Willful and Malicious Harm
11 U.S.C. Section 523(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 - Recovery of money/property - § 542 turnover of property
- [ ] 12 - Recovery of money/property - § 547 preference
- [ ] 13 - Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- [ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 - Dischargeability - § 523(a)(5), domestic support
- [x] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 - Dischargeability - § 523(a)(8), student loan
- [ ] 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 - Injunctive relief - reinstatement of stay
- [ ] 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01 - Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
- [ ] 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

- [ ] Check if this case involves a substantive issue of state law
- [ ] Check if a jury trial is demanded in complaint
- [ ] Check if this is asserted to be a class action under FRCP 23

Demand $ 2,000,000.00

Other Relief Sought

B1040

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Timothy Joseph Grant | | BANKRUPTCY CASE NO.<br>20-01895-CL7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Laura S. Taylor |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ ANDREW J. MILLER | |
| DATE<br>6/12/20 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew J. Miller, ESQ. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Andrew J. Miller, Esq. (CA #109631)
ENGEL & MILLER
964 Fifth Avenue, Suite 400
San Diego, CA 92101-6130
(619) 544-1415

Steven L. Victor, Esq. (CA #60140)
steve@svictorlaw.com
STEVEN L. VICTOR, ATTORNEY AT LAW APC
910 Grand Avenue, Suite 202
San Diego, CA 92109
Telephone: (619) 239-3010
Facsimile: (619) 239-5966

Attorney for Plaintiff
PELLON LAY

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TIMOTHY JOSEPH GRANT,<br><br>Debtor. | Case No. 20-01895-LT7<br><br>Adversary No.<br><br>Chapter 7 |
| PELLON LAY,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY JOSEPH GRANT,<br><br>Defendant. | **ADVERSARIAL COMPLAINT FOR NON-DISCHAREGEABILITY OF DEBT**<br><br>**11 U.S.C. § 523(a)(6 WILLFUL & MALICIOUS HARM** |

Plaintiff, PELLON LAY (hereinafter "Plaintiff"), hereby alleges as follows:

### GENERAL ALLEGATION
#### (Jurisdiction)

1. This Court has jurisdiction over the subject matter of the adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding relates to the Chapter 7 Case of TIMOTHY JOSEPH GRANT, Case No. 20-01895-LT7, now pending in the United States

///

Bankruptcy Court for the Southern District of California. The matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(J).

### (Venue)

2. TIMOTHY JOSEPH GRANT (hereinafter "Defendant") has filed a Chapter 7 Petition in the above-referenced Bankruptcy Court, this venue for this adversary proceeding is also proper in this Bankruptcy Court pursuant to 28 U.S.C. § 1409.

### (Parties)

3. Plaintiff is an individual. Plaintiff is a creditor in the above-entitled Chapter 7 Bankruptcy case, having been injured by Defendant.

4. Defendant is the Debtor who voluntarily filed a petition for Chapter 7 Bankruptcy relief in this Court.

### (Procedural Background)

5. Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (hereinafter "Petition") on or about April 3, 2020. The Petition identified Plaintiff as a Creditor for an allegedly unknown amount. In his voluntary petition, Defendant, does not dispute Plaintiff's claim.

### (Factual Background)

6. Plaintiff finished getting his car washed at the Mobil Gas Station car wash at Governor Drive and Genesee Avenue in the Clairemont area in the City of San Diego.

7. Plaintiff began to exit the car wash and could not leave because Defendant was in his 2007 Nissan Xterra, CA license plate number 6LFM632, blocking the exit. Plaintiff honked his horn, and Defendant did not move his car or respond.

8. Plaintiff exited his car and walked forward to ask Defendant to move his car so that Plaintiff could leave the car wash. Defendant was texting on his mobile phone. Plaintiff asked Defendant to move his car to allow Plaintiff to exit.

9. Defendant responded with a barrage of abusive language, threatening harm to Plaintiff.

///

10.  Defendant exited his car and proceeded immediately toward Plaintiff. Defendant struck Plaintiff with a metal steering wheel security arm bar.

11.  Defendant continued to chase Plaintiff through the car wash parking lot and struck and hit Plaintiff on Plaintiff's face, head, neck, shoulders, and about his body.

12.  Plaintiff was bleeding and had a cut behind his left ear. Plaintiff's head and neck area was bruised and became swollen and painful. Plaintiff required medical care and numerous stitches to close the open wounds on his head.

13.  After beating Plaintiff, Defendant then attempted to flee the scene. Two employees of the car wash intervened and prevented Defendant from leaving the scene.

14.  The San Diego Police Department arrived in response to a 911 emergency call.

15.  Defendant perpetrated the abusive language and committed the conduct described herein and caused injuries and damage to Plaintiff.

16.  As a direct and proximate result of the acts and omissions by Defendant, Plaintiff was injured in and about his body, including his head, neck, back, arms and hands. Plaintiff received medical care and continues to receive treatment for his injuries. Plaintiff is informed and believes, and thereon alleges, these injuries may result in some permanent disability to him and residual damages.

17.  As a further proximate result of the acts and omissions of Defendant, Plaintiff has sustained, and will sustain, and continues to sustain special damages consisting of medical bills and related healthcare expenses, the exact nature of which will be presented to the Court when fully ascertained.

18.  As a direct and proximate cause of the acts and omissions of Defendant, Plaintiff has suffered general damages, pain and suffering, interruption of the enjoyment of life, and emotional distress, the exact nature of which will be presented to the Court when fully ascertained.

### FIRST CAUSE OF ACTION

### (Willful and Malicious Injury)

19.  Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 as though fully set forth herein.

20. Defendant maliciously caused injury to Plaintiff. The wrongful acts as stated above were without just cause or excuse. Defendant acted deliberately and intentionally which necessarily led to Plaintiff's injuries. Defendant's acts, as described above, were willful and malicious within the meaning of 11 U.S.C. § 523(a)(6).

## PRAYER

WHEREFORE, Plaintiff prays for Judgment as to the Defendant as follows:

1. That the Court enter judgment excluding from discharge Plaintiff's claim against Defendant in an amount of which exact nature shall be presented to the Court when fully ascertained;

2. For punitive damages in amount to be determined in according to proof to be presented to the Court;

3. For reasonable attorney's fees, costs, and interest as authorized by law; and

4. For such other relief as the Court deems just and proper.

Dated: June 12, 2020

/s/ ANDREW J. MILLER
ANDREW J. MILLER, ESQ.
Attorney for Plaintiff
PELLON LAY